IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS G. HAYES,                                    06-CV-1543-BR

        Plaintiff,                                   OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


DAVID B. LOWRY
9900 S.W. Greenburg Road
Portland, Oregon 97223
(503) 245-6309

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**DAPHNE BANAY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2113

Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Douglas G. Hayes seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Hayes's protective application for Disability Insurance Benefits (DIB) and found Hayes ineligible for Supplemental Security Income (SSI) payments. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Hayes filed applications for SSI and DIB on June 11 and

June 18, 2001, respectively.  Tr. 82-84.[1]  The applications were
denied initially and on reconsideration.  Tr. 25-29, 32-34.  An
Administrative Law Judge (ALJ) held a hearing on June 11, 2003.
Hayes was represented by an attorney.  Tr. 323-64.  Hayes, lay
witnesses Verlie Jo Hayes and Dicksie Jennings, a medical expert
(ME), and a vocational expert (VE) testified at the hearing.
Tr. 323, 347-64.  The ALJ issued a decision on August 20, 2003,
in which he found Hayes is not disabled and, therefore, is not
entitled to benefits.  Tr. 16-22.  The Appeals Council denied
Hayes's request for review.  Tr. 7-12.  On August 4, 2005, as
stipulated by the parties, the District Court of Oregon remanded
the case for further administrative proceedings.  Tr. 69-71, 384-
86.

     On remand, an ALJ held a second hearing on June 14, 2006, at
which Hayes, Verlie Jo Hayes, an ME, and a VE testified.
Tr. 608-36.  Hayes was represented by an attorney.  Tr. 608-11.
The ALJ issued a decision on August 15, 2006, in which he found
Hayes is not disabled and, therefore, is not entitled to
benefits.  Tr. 368-81.  The record does not reflect that the
Appeals Council assumed jurisdiction over this matter after the
ALJ's decision.  The ALJ's decision, therefore, became the final
decision of the Commissioner on August 15, 2006.  *See* 20 C.F.R.

---

     [1] Citations to the official transcript of record filed by
the Commissioner on February 21, 2007, are referred to as "Tr."

§§ 404.984, 416.1484.


## BACKGROUND

Hayes was 49 years old at the time of the second hearing before the ALJ.  Tr. 82.  Hayes received his GED and an Associates Degree in Computer Services from Portland Community College.  Tr. 135, 335.  He has worked for the United States Postal Service and as a service manager for a security-system company.  Tr. 358, 624-25.

In 1981 Hayes herniated a disc in his lower back when he fell from a scaffold onto a concrete floor at work.  Tr. 160, 223, 228, 326, 333.  Hayes has suffered from chronic back pain ever since his fall.  Tr. 221-23.  In 1997 Hayes was fired from his position at the United States Post Office for absenteeism associated with his back pain.  Tr. 135, 333-34.  Hayes alleges a disability onset date of January 1, 1998.  Tr. 92.

Hayes has been diagnosed with degenerative disc disease of the lumbar spine.  Tr. 221, 229, 439, 450.  MRIs from November 2001 and December 2003 indicate extensive, multi-level degenerative changes in Hayes's lumbar spine.  Tr. 221, 321-22. As a result, Hayes suffers from acute exacerbations of his pain that can render him bed-ridden for several days at a time. Tr. 190-91, 197, 229, 326-28, 556-58, 616.

Hayes also has been diagnosed with Major Depressive

Disorder.  Tr. 304, 448, 450, 473.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving

ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001). The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision. *Robbins,*

466 F.3d at 882. The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational

interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.

2005). The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).


## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the

meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is

potentially dispositive.

In Step One, the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial

gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*,

454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R.

§§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the

Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis

engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## ALJ'S FINDINGS

At Step One, the ALJ found Hayes has not engaged in

substantial gainful activity since his alleged onset date of January 1, 1998.  Tr. 371.

At Step Two, the ALJ found Hayes's multi-level degenerative disc disease of the lumbar spine with radiculopathy is a severe impairment.  Tr. 371.  He found Hayes's depression is not severe, however, and that his depression is not supported by "any medically acceptable documentation."  Tr. 374.

At Step Three, the ALJ found Hayes's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ then assessed Hayes's RFC and found he is able to perform light-exertion work; to lift and to carry 20 pounds occasionally and 10 pounds frequently with similar pushing and pulling limitations; to sit, to stand, or to walk for six hours of an eight-hour work day; to balance and to climb stairs and ramps frequently; and to kneel, stoop, crouch, and crawl occasionally.  Tr. 375.  He found Hayes is unable to perform activities that involve even moderate exposure to hazards.  Tr. 375.

At Step Four, based on Hayes's RFC and the testimony of the VE, the ALJ found Hayes can return to his past relevant work as a service manager.  Tr. 380.  Accordingly, the ALJ found Hayes is not disabled, and therefore, is not entitled to benefits.  Tr. 380-81.  Thus, the ALJ did not proceed to Step Five.

## DISCUSSION

Hayes contends the ALJ erred by (1) finding Hayes's testimony that "he is incapable of all work activity" not credible; (2) by rejecting the testimony of lay witnesses Verlie Jo Hayes and Dicksie Jennings; (3) by failing to give appropriate weight to the opinion of Joseph L. Black, M.D., Hayes's treating physician; and (4) by finding Hayes's depression is not severe.

## I.   Lay Testimony.

### A.   Douglas G. Hayes.

Hayes challenges the ALJ's finding that Hayes's testimony regarding his inability to do any work activity is not credible and that Hayes's "symptoms are disproportionate to the objective findings."  Tr. 376.

The test for rejecting a claimant's subjective symptom testimony is set out in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The *Cotton* test establishes two basic requirements for a claimant to present credible symptom testimony:  He must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d at 1407.  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). *See also Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). General assertions that the claimant's testimony is not credible are insufficient. "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ determined Hayes's "allegations that he is incapable of all work activity" are not credible. Tr. 376. Hayes testified at both hearings that he has good days and bad days. On good days he can do many basic activities; on bad days he is completely incapacitated, and his incapacitation can last for several days at a time. Tr. 326-27, 341-44, 616, 620. Hayes asserts he cannot work during those periods of exacerbated pain. Hayes also described his limitations in written pain questionnaires. Tr. 140-41, 159-64.

The ALJ determined Hayes's degenerative disc disease is a severe impairment. Tr. 371. In addition, nearly all of the doctors treating or examining Hayes, including three Disability Determination Services (DDS) physicians[2] and Hayes's treating

---

[2] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on

physicians, Dr. Black and Robert A. Berselli, M.D., concluded

Hayes's symptoms are commensurate with his impairment.  Tr. 121,

124, 221, 264-64, 315.  Dr. Berselli specifically concluded:  "I

am sure [multi-level degenerative changes are] the etiology of

[Hayes's] chronic back pain."  Tr. 221.  Accordingly, the Court

finds Hayes has satisfied the first two prongs of the *Cotton* test

by providing evidence of impairments that could reasonably cause

him some degree of pain.  799 F.2d at 1407.  Because the ALJ did

not determine Hayes is malingering, the ALJ must provide clear

and convincing reasons for rejecting Hayes's subjective pain

testimony.  *Lester*, 81 F.3d at 834.

As noted, the ALJ found Hayes's alleged symptoms are

disproportionate with the medical evidence.  Tr. 376.  Hayes's

treating physicians, however, found his symptoms to be consistent

with his impairments.  The disabling pain alleged by Hayes was

also verified at the initial hearing as a credible symptom by ME

David Rullman, M.D.  Tr. 353.  At the second hearing, ME Lawrence

Duckler, M.D., testified the primary symptom of degenerative disc

disease is pain.  Tr. 633.  Although the ALJ points out that

Hayes does not have "nerve root compression" or "any impingement

on the spinal cord," he does not explain why this would preclude

---

behalf and under the supervision of the Social Security
Administration pursuant to 42 U.S.C. § 421(a).  The signatures on
these documents are illegible, and the Court could not verify the
doctors' names from the record.

Hayes's alleged symptoms.  Tr. 376.  In any event, Hayes need not

provide objective evidence of his subjective symptoms as long as

he satisfies the *Cotton* test.  *See* 799 F.2d at 1407 ("[I]t is

improper as a matter of law to discredit excess pain testimony

solely on the ground that it is not fully corroborated by

objective medical findings.").

The ALJ also discredited Hayes's trstimony on the ground

that surgical treatment is not available for his impairment and

concluded, therefore, that Hayes's treatment was "essentially

routine and conservative in nature." Tr. 376.  Although the

record reflects Hayes's condition cannot be corrected with

surgery and, as a result, his pain has been treated consistently

with medication, the absence of surgical options to correct his

impairments is not a sufficient basis to discredit his testimony.

Tr. 153-54, 221, 329, 559-60.

The ALJ also discredited Hayes's testimony on the basis

that Hayes's symptoms vary in severity and only worsen when he

"engages in heavy exertion, such as lifting a couch." Tr. 376.

As noted, the record reflects the nature of Hayes's alleged

symptoms is varied and is characterized by constant dull pain

that escalates unpredictably to debilitating pain.  Tr. 317.

Although Hayes suffered an episode of extreme pain from helping a

friend move a couch, the record also reflects simple movements,

such as stepping into the bathtub or reaching for a jar, have

triggered severe, debilitating pain.  Tr. 193, 327, 558.

Dr. Black reported "sometimes [Hayes's] back goes out if he

sneezes hard."  Tr. 233.  The record, therefore, does not support

a finding that only heavy exertion triggers Hayes's pain nor does

the ALJ's finding that Hayes's pain is variable undermine Hayes's

credibility.

    The ALJ also indicated "the claimant lacks the motivation to

improve his condition."  Tr. 376.  The ALJ, however, does not

support his assertion, and the Court does not find any evidence

in the record to establish that Hayes lacks motivation.  As

noted, surgery is not an option for Hayes, and his prospects

for "improvement" of his degenerative condition are not good.

Tr. 221, 313-19.

    The ALJ also found Hayes's daily activities, such as

performing yard work, moving furniture, and riding a bicycle for

transportation, belie his claims of disability.  Tr. 376-77.

Hayes, however, testified each of these activities caused him

pain, and he never knows when the slightest stress on his back

might incapacitate him for days.  Tr. 327, 337-41, 614-16.

Moreover, Hayes testified he no longer rides a bicycle because of

his difficulty getting on and off, and Verlie Jo Hayes, Hayes's

mother, testified Hayes no longer does yard work.  Tr. 614-16,

620-22.  Indeed, the record supports Hayes's testimony that his

daily activities have continually decreased over the last several

years as a result of his impairments.

The ALJ also discredited Hayes's testimony on the ground that it was inconsistent. Tr. 376-77. For example, Hayes testified he has not worked since 1997, but two sets of treatment notes indicate Hayes worked at times during that period. Tr. 617. On July 2, 2001, Timothy Janzen, M.D., one of Hayes's treating physicians, indicates Hayes was "working part-time," but he does not identify the job or the kind of work. Tr. 205. On July 9, 2002, Dr. Black, one of Hayes's treating physicians, indicated Hayes can sometimes work hard for two days. Tr. 233, 376. On February 8, 2002, Dr. Black also reported Hayes worked on a maintenance job, and Dr. Black issued a note to Hayes telling him not to work for two weeks. Tr. 233. Thus, Hayes apparently worked for some period in 2001 and 2002, but the record does not reflect what the work entailed nor how long Hayes was employed.

Even though Hayes made inconsistent statements as to whether he had ever been employed since 1997, the ALJ, nevertheless, found at Step One that Hayes had not engaged in substantial gainful activity during the pertinent period. Tr. 371. In addition, the record substantially supports Hayes's symptom testimony.

Thus, on this record, the Court concludes the ALJ erred because he did not provide clear and convincing reasons supported

by the record for rejecting Hayes's testimony regarding the incapacity he suffers as a result of his impairments.

**B.    Verlie Jo Hayes and Dicksie Jennings.**

Hayes challenges the ALJ's conclusion that the testimony of Verlie Jo Hayes and Dicksie Jennings is of little value in the assessment of Hayes's RFC.  Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

### 1.    Verlie Jo Hayes.

Ms. Hayes, Hayes's mother, testified at both hearings and submitted a written witness statement on June 11, 2003. Tr. 190-95, 348-50, 621-22.  Ms. Hayes testified she has lived with Hayes and provided for his care since September 2002. Tr. 190.  Before that time, she saw Hayes once or twice a week during the pertinent period.  Tr. 190.

### 2.    Dicksie Jennings.

Ms. Jennings testified at the initial hearing and submitted a written witness statement on June 11, 2003.  Tr. 196-201, 354-57.  Ms. Jennings testified she saw Hayes about once every two weeks during the pertinent period.  Tr. 190, 355.

### 3.    ALJ's Decision.

When determining Hayes's RFC, the ALJ assigned little

weight to the lay opinions of Verlie Jo Hayes and Dicksie
Jennings and noted the evidence from medical experts was more
reliable.  Tr. 378.  Although lay testimony is not medical
testimony, it is still competent evidence that the ALJ must take
into account.  *Lewis*, 236 F.3d at 511.

     The ALJ found both lay witnesses "indicate the claimant
has periodic severe back pain for periods of up to four days,
specifically occurring after the claimant performs heavy exertion
activities."  Tr. 378.  On the contrary, however, Ms. Hayes
stated Hayes's periods of severe pain might last four to eight
days.  Tr. 193, 349.  Both witnesses further reported these
periods occur once or twice a month, and Hayes needs help with
all daily activities when that occurs.  Tr. 193, 349, 355-56.
Both witnesses also testified Hayes can do most daily activities
when he is only enduring his daily, chronic pain, but Ms. Hayes
reported Hayes's back might go out "if he turns the wrong way."
Tr. 193, 197-99.  Neither witness testified or reported in their
written statements that only heavy exertion causes Hayes's
symptoms to worsen.

     The ALJ specifically rejected Ms. Hayes's testimony and
written statements on the ground that her statements "regarding
claimant's work history and activities are inconsistent with the
activities in the record."  Tr. 377.  The ALJ, however, does not
identify the testimony that he finds inconsistent.  Even though

Ms. Hayes erroneously stated Hayes had not worked since 1998, the ALJ, as noted, concluded at Step One that there was not any conclusive evidence in the record to establish that Hayes had engaged in substantial gainful activity during the pertinent period. Tr. 371, 622.

The ALJ also pointed out that it is possible "the claimant's mother is expressing an opinion in an effort to assist her son with whom she sympathizes in order to assist him in securing disability benefits." Tr. 377. This assertion, however, is unsupported and is not germane to this particular witness, but to lay witnesses in general.

The ALJ gave little weight to the lay-witness statements and testimony on the ground that "neither contradict nor shed any new light on the medical evidence of record." Tr. 378. The lay-witness statements and testimony, however, contradict the ALJ's finding that Hayes can sustain light-exertion work on a regular and continuous basis for eight hours a day and five days a week. In any event, the ALJ's conclusion that the lay-witness testimony and statements do not contradict the medical evidence in the record is not a sufficient basis for rejecting same.

Accordingly, the Court finds the ALJ erred when he rejected the testimony of lay witnesses Verlie Jo Hayes and Dicksie Jennings because the ALJ did not provide sufficient and

specific reasons germane to each witness for doing so. *See*

*Lewis*, 236 F.3d at 511.

## II. Dr. Black.

Hayes contends the ALJ erred by assigning "very little

weight" to the opinion of Dr. Black, one of Hayes's treating

physicians, when determining Hayes's RFC. Tr. 380. Hayes

asserts the ALJ would have found Hayes to be disabled if the ALJ

had properly weighed Dr. Black's opinion.

An ALJ may reject an examining or treating physician's

opinion when it is inconsistent with the opinions of other

treating or examining physicians if the ALJ makes "findings

setting forth specific, legitimate reasons for doing so that are

based on substantial evidence in the record." *Id.* at 957 (9th

Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

Cir. 1989)). The ALJ also must give specific, legitimate reasons

for rejecting the opinion of an examining physician when that

opinion conflicts with another physician's opinion or with

substantial evidence in the record. *Magallanes*, 881 F.2d at 751.

When the medical opinion of an examining or treating physician is

uncontroverted, however, the ALJ must give "clear and convincing

reasons" for rejecting it. *Id*. *See also Lester*, 81 F.3d at 830-

32.

A nonexamining physician is one who neither examines nor

treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a

nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

### A. Dr. Black's Opinion.

Dr. Black's continuing relationship with Hayes as his treating physician makes him "especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Lester*, 81 F.3d at 833. The ALJ, therefore, must "give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." *Id.* at 832-33.

Since early 2002, Dr. Black treated Hayes on numerous occasions for his chronic back pain. Tr. 227-44, 481-560. Based on his extensive treatment and review of clinical records such as MRIs from November 2001 and December 2003, Dr. Black determined

Hayes can perform most daily activities despite his chronic back pain.  Tr. 556-58.  Dr. Black, however, also concluded Hayes suffers from "unpredictable acute exacerbations of his pain. During these times he is unable to adequately perform activities of daily living and certainly would be unable to work."  Tr. 227, 317.  Dr. Black indicated these periods of exacerbation are due to Hayes's disc degeneration that causes Hayes to experience stabbing pains that radiate down his left leg, paraspinal muscle spasms, and restriction of his range of motion.  Tr. 116, 557. In a letter dated November 21, 2005, Dr. Black and Kelley A. Mulkey, Licensed Social Worker, opined Hayes's condition is likely to be permanent:

> [W]e believe the stress of maintaining a
> regular schedule at eight hours per day, five
> days a week, would contribute to a marked
> increase in [Hayes's] stress level and his
> attention to daily life tasks would suffer to
> an even greater extent.  Even with light
> exertion only a few hours per day, the
> physical strain on his body would exacerbate
> his day to day experience of joint pain.
> Doing things as simple as lifting his leg
> over the shower tub has caused him to be bed
> ridden . . . and unable to walk without
> excruciating pain for several days. . . .
> [W]e do not believe that Mr. Hayes is able to
> perform work-related activities on a daily
> basis.

Tr. 558.

### B.    ALJ's Decision.

The ALJ found Hayes is capable of light-exertion work and has a sufficient RFC to perform his past relevant work as an

office manager.  Tr. 380-81.  The ALJ did not mention Hayes's
episodic incapacity in his RFC assessment of Hayes or in his
finding at Step Four that Hayes can perform past relevant work.
When assessing Hayes's RFC, the ALJ assigned Dr. Black's opinion
"very little weight" on the ground that Dr. Black's opinion is
contradicted by medical evidence from examining physicians.
Tr. 380.  As noted, the ALJ may reject the opinion of a treating
physician who is contradicted by an examining physician only if
the ALJ articulates specific, legitimate reasons supported by
substantial evidence in the record.  *Barnhart*, 278 F.3d at 957.

The ALJ found Dr. Black's treatment records do not indicate
Hayes suffers from severe and disabling pain or that he is
precluded from performing all basic work activities.  Tr. 379.
Although the record does, in fact, reflect Hayes can perform many
daily activities, the record is replete with testimony and
statements to support Dr. Black's opinion that Hayes suffers from
debilitating episodes of back pain.  Tr. 159-64, 191-93, 197-99,
265, 305-07, 326-27, 349, 355, 616.

The ALJ also found the record does not indicate Hayes's
condition is worsening.  Tr. 380.  MRIs of Hayes's lumbar spine
in November 2001 and December 2003, however, establish the
degenerative nature of Hayes's condition and its severe
progression in parts of his lumbar spine over two years.
Tr. 269, 321-22.  In fact, Dr. Berselli, one of Hayes's treating

physicians from October 2001 to February 2003, concluded after evaluating Hayes's MRI that he is "sure" Hayes's disc degeneration is the source of his chronic back pain. Tr. 221-25, 267-68, 561-68. Although the Commissioner concedes the ALJ erred on this issue, he contends the error was harmless because the ALJ offered other specific and legitimate reasons for rejecting Dr. Black's opinion. For example, the Commissioner points out that the ALJ relied on the opinion of Timothy P. Janzen, M.D., whose treatment notes on February 16, 2001, indicate Hayes's chronic back pain is "relatively stable," but relatively stable is not the same as "not severe." Tr. 207, 380. Thus, Dr. Janzen's opinion does not undermine Dr. Black's opinion. The ALJ concedes Hayes's back pain waxes and wanes. Tr. 376. Intermittent symptoms, however, and a sporadic ability to work do not preclude a finding of disability. *See Lester*, 81 F.3d at 833. As noted, the ALJ must determine a claimant's ability to work on a sustained and continuous basis. *Id.*

The ALJ also asserts much of Dr. Black's assessment of Hayes is based on Hayes's subjective complaints. The record reflects, however, that Dr. Black's assessment of Hayes's condition is based on a review of Hayes's medical records, repeated examinations, and clinical findings. In any event, the Court has found Hayes's subjective symptom testimony to be credible.

The ALJ also found Dr. Black's opinion as to Hayes's ability

to work is contradicted by the opinions of John Givi, Ph.D.,
Psy.D.; Leslie Davidoff, M.D.; and DDS doctors Martin Kehrli,
M.D., and J. Scott Pritchard, D.O.. Tr. 380. Dr. Givi, however,
only performed a psychological evaluation of Hayes on June 21,
2005; did not make any medical findings regarding Hayes's back;
and indicated he did not even have a medical file to review.
Tr. 443-48. Dr. Givi diagnosed Hayes with Major Depressive
Disorder and assessed Hayes's functional limitations based only
on that diagnosis. Tr. 448.

Dr. Davidoff spent 30 minutes with Hayes on June 13, 2005,
and did not review any of Hayes's medical records. Tr. 439.
Dr. Davidoff concluded Hayes could stand or walk two to six
hours of an eight-hour shift and could sit without restriction
if he was permitted to change positions for comfort and if
he had appropriate means to control pain. Tr. 441. Although
Dr. Davidoff noted Hayes's complaints of severe, debilitating
back pain, he did not address these symptoms and did not make a
finding regarding Hayes's sustained ability to work. Tr. 439.
Moreover, the ALJ gave Dr. Davidoff's opinion "significant
weight," but the ALJ did not provide any reasons for deter-
mining that Dr. Davidoff's 30-minute examination contradicted
Dr. Black's opinion or warranted significantly more weight.
Tr. 378.

When determining Hayes's RFC, the ALJ also gave "significant

weight" to the opinions of nonexamining DDS physicians Dr. Kehrli and Dr. Pritchard. Tr. 378. Each physician filled out an RFC assessment. Tr. 259-65, 450-57. The assessment forms indicate physicians require only 20 minutes to "read the instructions, gather the necessary facts and fill out the form." Tr. 259, 450. Dr. Kerhli made his assessment on July 10, 2002. Tr. 265. In his report, Dr. Kehrli noted Hayes's statement about having periodic exacerbations of pain that leave him incapacitated for five days. Tr. 265. Dr. Kehrli concluded "the claimant's statements seem consistent with the evidence." Tr. 265. Despite these findings, Dr. Kehrli found Hayes could sit, stand, or walk for six hours of an eight-hour workday; could lift 20 pounds occasionally and ten pounds frequently; could do unlimited pushing or pulling; could stoop, kneel, crouch, and crawl occasionally; and could climb ramps, stairs, ladders, ropes and scaffolds frequently. Tr. 260-61. Except for Dr. Kerhli's opinion that Hayes could frequently climb ropes, ladders, and scaffolds, the ALJ adopted Dr. Kehrli's findings as to Hayes's functional limitations in his assessment of Hayes's RFC. Tr. 375.

Dr. Pritchard filled out a similar form on July 12, 2005, and reached conclusions similar to those of Dr. Kerhli regarding Hayes's functional capacity. Dr. Pritchard concluded, however, that Hayes could only stand or walk for two hours of an eight-

hour workday and could never climb ropes or scaffolding.
Tr. 450-57.

The ALJ concluded the DDS physicians' assessments were
"based on a thorough review of the evidence and they are
consistent with the evidence in the record." Tr. 378. As noted,
however, the opinions of nonexamining physicians cannot alone
constitute sufficient evidence to justify rejecting the opinion
of a treating physician.

On this record, therefore, the Court concludes the ALJ erred
when he failed to provide specific, legitimate reasons for
rejecting the opinion of Dr. Black, one of Hayes's treating
physicians, on the basis of the opinions of examining and
nonexamining physicians. Of particular importance here is the
absence of medical evidence that disputes Dr. Black's finding
that Hayes suffers periodic acute exacerbations of pain that
incapacitate him for several days at a time. When the ALJ does
not provide a legally sufficient basis for rejecting a treating
physician's opinion, the Court may credit that opinion as a
matter of law. *Lester*, 81 F.3d at 834. As noted, the
intermittency of Hayes's symptoms and his sporadic ability to
work do not preclude a finding of disability. *See id.* at 833.
If the opinion of Dr. Black is credited as true, the record
reflects Hayes suffers one to two episodes of extreme lower-back
pain per month that leave him unable to perform work-related

activities for as many as four days at a time.  As a result, the
Court concludes Hayes does not have a sufficient RFC to sustain
work-related activities on a regular and continuing basis as
required by SSR 96-8p.  Accordingly, this Court finds Hayes is
disabled, and therefore, is entitled to benefits.

Although Hayes also contends the ALJ erred by finding
Hayes's depression not severe and by failing to consider Hayes's
resulting functional limitations when determining his RFC, the
Court need not address these issues because the Court already has
found Hayes disabled.


### REMAND

The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed."  *Harman*, 211 F.3d at 1178.  The

court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the Court finds the record is complete regarding Hayes's impairments. The Court credits Dr. Black's opinion that Hayes is incapable of even light-exertion work on a regular and continuing basis because of his periodic acute exacerbations of pain. Tr. 557-58. At both hearings, Hayes's attorney asked the VE whether a claimant could be competitive for jobs in the local and national economy if he missed four or more workdays a month, and at each hearing the VE testified a claimant could not work on a regular and continuing basis with an impairment that caused him to miss four or five days of work per month. Thus, the Court concludes further proceedings would not be useful.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 24th day of October, 2007.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge